Bryon J. Benevento (5254)
Kimberly Neville (9067)
SNELL & WILMER LLP
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: 801-257-1902
Facsimile: 801-257-1800
*bbenevento@swlaw.com*
*kneville@swlaw.com*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| C. R. BARD, INC., a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>SMITHS MEDICAL ASD, INC., a Delaware corporation,<br><br>Defendant. | **COMPLAINT<br>WITH JURY DEMAND**<br><br>Case No. 2:12-cv-00036<br><br>Judge Samuel Alba |

### COMPLAINT

Plaintiff C. R. Bard, Inc. ("Bard" or "Plaintiff") hereby demands a jury trial and alleges the following against Defendant Smiths Medical ASD, Inc. ("Smiths Medical" or "Defendant"):

### THE PARTIES

1. C. R. Bard, Inc. is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 730 Central Avenue, Murray Hill, New Jersey, 07974.

2. On information and belief, Defendant Smiths Medical ASD, Inc. is a corporation organized under the laws of the State of Delaware and has a principal place of business at 1265 Grey Fox Road, St. Paul, Minnesota 55112. Defendant makes, sells, offers for sale, and/or uses medical products, including implantable port products throughout the United States, including within this District.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281 and 283-285.

4. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## THE PATENTS-IN-SUIT

6. On May 24, 2011, the United States Patent and Trademark Office (the "PTO") duly and legally issued U.S. Patent No. 7,947,022 ("the '022 patent"), entitled "Access Port Identification Systems and Methods." A true and accurate copy of the '022 patent is attached hereto as Exhibit 1.

7. On August 31, 2010, the PTO duly and legally issued U.S. Patent No. 7,785,302 ("the '302 patent") entitled "Access Port Identification Systems and Methods." A true and accurate copy of the '302 patent is attached hereto as Exhibit 2.

8. C. R. Bard, Inc. is the owner by assignment of the '022 patent and the '302 patent (collectively, "the Asserted Patents").

2

## FIRST CAUSE OF ACTION

### (Patent Infringement of the '022 Patent)

9. Plaintiff realleges and incorporates paragraphs 1 - 8 as though fully set forth herein.

10. Defendant has infringed, and continues to infringe, literally or under the doctrine of equivalents, the '022 patent by making, using, selling, offering for sale within the United States, and/or importing into the United States, products that are covered by one or more claims of the '022 patent. Such products include implantable port products including, for example, PORT-A-CATH and P.A.S. PORT Power P.A.C. port products.

11. Unless and until enjoined by this Court, Defendant will continue to infringe the '022 patent. Defendant's infringement is causing and will continue to cause Plaintiff irreparable harm, for which there is no adequate remedy at law. Under 35 U.S.C. § 283, Plaintiff is entitled to a permanent injunction against further infringement.

## SECOND CAUSE OF ACTION

### (Patent Infringement of the '302 Patent)

12. Plaintiff realleges and incorporates paragraphs 1 - 11 as though fully set forth herein.

13. Defendant has infringed, and continues to infringe, literally or under the doctrine of equivalents, the '302 patent by making, using, selling, offering for sale within the United States, and/or importing into the United States, products that are covered by one or more claims of the '302 patent. Such products include implantable port products including, for example, PORT-A-CATH and P.A.S. PORT Power P.A.C. port products.

14. Unless and until enjoined by this Court, Defendant will continue to infringe the '302 patent. Defendant's infringement is causing and will continue to cause Plaintiff irreparable

harm, for which there is no adequate remedy at law. Under 35 U.S.C. § 283, Plaintiff is entitled to a permanent injunction against further infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and prays that the Court grant the following relief to Plaintiff:

A. A judgment that the '022 and '302 patents are infringed by Defendant's manufacture, offers to sell, sales, or uses within the United States, or importation into the United States, of products, including without limitation implantable port products, that practice one or more of the inventions claimed in the '022 and '302 patents;

B. An order permanently enjoining Defendant, its affiliates and subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with it, from making, offering to sell, selling, using, or importing into the United States, products claimed in any of the claims of the '022 and '302 patents, and from causing or encouraging others to use, sell, offer for sale, or import products that infringe any claim of the '022 and '302 patents, including without limitation implantable port products, until after the expiration date of the '022 and '302 patents, including any extensions and/or additional periods of exclusivity to which Plaintiff is or becomes entitled;

C. An order awarding damages under 35 U.S.C. § 284 in an amount sufficient to compensate Plaintiff for its damages arising from infringement by Defendant, including, but not limited to, lost profits and/or a reasonable royalty, together with pre-judgment and post-judgment interest, and costs;

D.     An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction;

E.     Such further and other relief as this Court deems proper and just.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: this 11th day of January, 2012.          Respectfully submitted,

                                                            SNELL & WILMER LLP

                                                           /s/ Kimberly Neville
                                                          Bryon J. Benevento
                                                          Kimberly Neville
                                                          *Attorneys for Plaintiff*

Plaintiff's Address:

730 Central Avenue
Murray Hill, NJ 07974